NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROMON CALHOUN, | No. 15-16774 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01684-VC |
| v. | |
| CITY OF HERCULES POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Romon Calhoun appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging violations of his constitutional rights.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo both the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595-96 (9th Cir. 2004), and summary judgment, *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010). We affirm.

The district court properly dismissed Calhoun's claims against Officer Pesmark because Calhoun failed to allege facts sufficient to show that Pesmark searched the trunk of Calhoun's vehicle prior to obtaining a search warrant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (explaining that to survive a motion to dismiss a complaint must "plausibly give rise to an entitlement for relief" and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The district court properly granted summary judgment on Calhoun's claim against Officer Collard because Collard was entitled to qualified immunity. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law" (citation and internal quotation marks omitted)); *see also People v. Iboa*, 143 Cal. Rptr. 3d 143, 149 (Ct. App. 2012) (explaining that "threats must be placed and understood in their context").

The district court properly granted summary judgment on Calhoun's claim

under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), because Calhoun failed to raise a genuine dispute of material fact as to whether the city's policy or custom caused a deprivation of his constitutional rights. *See Alexander v. City & County of San Francisco*, 29 F.3d 1355, 1367-68 (9th Cir. 1994).

Calhoun's motions to take judicial notice, filed on February 26, 2016, are denied.

**AFFIRMED.**